CAUSE NO. D-1-GN-25-001663

| | | |
|---|---|---|
| TEXAS LAND TITLE ASSOCIATION, | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | |
| TEXAS DEPARTMENT OF INSURANCE | § | |
| AND CASSIE BROWN, IN HER | § | |
| CAPACITY AS COMMISSIONER OF THE | § | TRAVIS COUNTY, TEXAS |
| TEXAS DEPARTMENT OF INSURANCE, | § | |
| | § | |
| *Defendants*. | § | |
| | § | 345TH JUDICIAL DISTRICT |

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
6/20/2025 8:53:51 AM
CHRISTOPHER A. PRINE
Clerk

## ORDER GRANTING PLAINTIFF'S FIRST AMENDED APPLICATION FOR TEMPORARY INJUNCTION

On May 27-28, 2025, the Court heard Plaintiff's Original Petition and Application for Temporary Injunction filed on March 6, 2025, and as amended on May 28, 2025, solely to include a verification as provided in Plaintiff's First Amended Original Petition and Application for Temporary Injunction.

The Court FINDS that Defendants waived the insufficiency of verification to support Plaintiff's original application for injunctive relief, by Defendants' failure to timely object thereto before the Court heard evidence pertaining to the requested injunctive relief. *Russell v. City of Dallas*, No. 05-13-00061-CV, 2014 Tex. App. LEXIS 5339, at * 9–10 (Tex. App.—Dallas 2014, pet. denied, cert. denied 574 U.S. 1048 (2014)).

After considering the evidence and arguments of counsel, the Court FINDS Defendants did not strictly comply with the rulemaking requirements of Texas Insurance Code section 2703.202, subdivision (c), in connection with the issuance of Commissioner's February 6, 2025 order number 2025-9125 (Commissioner's Order 2025-9125).

The Court FURTHER FINDS that Commissioner's Order 2025-9125 dictates a new set of basic premium rates as set forth in the "Exhibit A" attached to that order, which will take effect on July 1, 2025, and its application to Plaintiff interferes with or impairs, or threatens to interfere with or impair, a legal right or privilege of the plaintiff.

IT IS THEREFORE ORDERED that Plaintiff's Petition for Review of Commissioner's Order 2025-9125 is GRANTED.

IT IS FURTHER ORDERED that this matter is hereby REMANDED to the Texas Department of Insurance for reconsideration of Commissioner's Order 2025-9125, and for further proceedings as may be necessary before that agency, to include but is not limited to additional income and expenses data used to fix premium rates for the year of 2023 and beyond, which were incomplete or previously unavailable and as recognized by the Commissioner's Order in her Findings of Fact 12(d) and its attendant footnote 2.

The Court FURTHER FINDS that Plaintiff is without adequate remedies at law, absent a temporary injunction of Commissioner's Order 2025-9125 at this time.

IT IS THEREFORE ORDERED that Plaintiff's First Amended Application for Temporary Injunction is GRANTED.

IT IS ORDERED that Defendants are hereby ENJOINED from enforcing Commissioner's Order 2025-9125, and that order is hereby STAYED, pending final disposition of this matter. This injunction is binding only upon the parties to the action, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise.

IT IS FURTHER ORDERED that this cause is hereby set for trial on the merits to commence on December 1, 2025, and as the Court may further order.

IT IS FURTHER ORDERED that this Order not be effective unless and until Plaintiff executes and files with the Clerk a bond, in conformity with the law, payable to Defendants in the amount of $2,500.

SIGNED on May 30, 2025,

_____
DANIELLA DESETA LYTTLE
Judge Presiding, 261st District Court